**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HUGO EDGARDO ESPINOZA,**<br><br>Plaintiff,<br><br>vs.<br><br>**TOP CAR AUTO BODY, INC., ANTONIO ALMEIDA, individually, and ALEJANDRO MARTINEZ, individually,**<br><br>Defendants. | Civil Case No:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff HUGO EDGARDO ESPINOZA ("Plaintiff" or "Espinoza"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants TOP CAR AUTO BODY, INC. ("Top Car"), ANTONIO ALMEIDA, individually, and ALEJANDRO MARTINEZ, individually, (collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the overtime provisions of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), ("NJWHL").

2. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the retaliation provisions of the FLSA, 29 U.S.C. §215(a)(3), the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a24, and the New Jersey Law against Discrimination, N.J.S.A. 10:5-12(d).

1

3. Beginning in approximately 2014, and continuing until on or about January 24, 2020, Defendants engaged in a policy and practice of requiring Plaintiff to regularly work in excess of forty (40) hours per week, without being paid overtime compensation at the statutory overtime rate as required by applicable Federal and New Jersey state law.

4. Beginning in November 2018, and continuing to January 24, 2020, Defendants have failed to make available to Plaintiff earned sick leave as required by N.J.S.A. 34:11D-5.

5. Plaintiff has initiated this action against Defendants to recover damages, as well as attorneys' fees and costs, sustained resultant from Defendants' retaliatory actions after Plaintiff filed a claim against Defendants for unpaid overtime compensation and unpaid sick leave.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. §201 et. seq.

7. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

8. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. At all times material hereto, Plaintiff performed non-exempt auto body and auto painting duties for the Defendants in Newark, Essex County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

10. At all times pertinent to this Complaint, the Corporate Defendant was and remains

an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage an auto body shop, receiving goods from manufacturers from states throughout the country and thereafter selling and, at times, delivering these goods throughout the tri-state area. Alternatively, Plaintiff worked in interstate commerce, i.e., working with goods that come from out of state, and used them to create a final product. Thus, Plaintiff falls within the protections of the Act.

## PARTIES

### Plaintiff

11. Plaintiff Espinoza is an adult individual who is a resident of Newark, New Jersey.

12. Plaintiff Espinoza was employed by Defendants full time as an auto body worker and painter of vehicles performing duties in furtherance of Defendants' business, from in or about 2014, until January 24, 2019.

### Corporate Defendant

13. Top Car Auto Body, Inc., is a New Jersey corporation, formed in or about 1989, with its principal offices located at 170 Clinton Avenue, Newark, New Jersey.

14. Upon information and belief, at all times relevant to this Complaint, the Corporate Defendant employs individuals to perform labor services on behalf of the Defendants.

### Individual Defendant

15. Upon information and belief, Individual Defendant Antonio Almeida is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual

Defendant Antonio Almeida has been an owner, partner, officer and/or manager of the Corporate Defendant Top Car.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Antonio Almeida has had power over personnel decisions at the Corporate Defendant's business.

18. Defendant Antonio Almeida was regularly present at Top Car, and managed the day to day operations, controlled the employee pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

19. Upon information and belief, Individual Defendant Alejandro Martinez is a New Jersey state resident.

20. Upon information and belief, at all times relevant to this Complaint, individual Defendant Alejandro Martinez has been an owner, partner, officer and/or manager of the Corporate Defendant Top Car.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Alejandro Martinez has had power over personnel decisions at the Corporate Defendant's business.

22. Defendant Alejandro Martinez was regularly present at Top Car, and managed the day to day operations, controlled the employee pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

23. Upon information and belief, at all times relevant to this Complaint, each of the

Corporate Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

24. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## FACTS

25. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all overtime hours worked in a work week.

26. Plaintiff Espinoza routinely worked five (5) days per workweek for Defendants.

27. Plaintiff Espinoza generally worked ten (10) hours per day, or fifty (50) hours per week.

28. Plaintiff Espinoza was paid a salary, regardless of the number of hours he worked per week, however, at times the weekly salary did change.

29. Plaintiff Espinoza was paid One Thousand Two Hundred and Fifty Dollars ($1,250.00) each week.

30. Defendants did not provide Plaintiff with paid sick time; when Plaintiff took time from work, regardless of whether he was sick, it was deducted from his salary.

31. Plaintiff was not paid time and one half for the hours that he worked in excess of forty (40) in a work week.

32. In or about January 15, 2020, Plaintiff requested of Defendants that he be paid for the overtime that he worked each week.

33. Shortly thereafter, on January 24, 2020, Defendants fired Plaintiff for asking that he be paid overtime.

34. This cause of action is brought by Plaintiff to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees, under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL.

35. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that performed services for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled for hours worked in excess of forty (40) within a work week.

36. This cause of action is brought by Plaintiff to recover damages sustained by Plaintiff, resultant from Defendants' retaliatory actions in violation of the FLSA, 29 U.S.C. § 215(a)(3), the NJWHL, N.J. Stats. N.J.S.A. §34:11D-5, §34:11-56a24 and §12:56-1.7, and the New Jersey Law Against Discrimination ("LAD"), N.J.Stat. § 10:5-12(d).

37. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), the NJWHL, N.J. Stat. §34:11-56a25.1, and the LAD, N.J.Stat. §10:5-27.1, Plaintiff is entitled to a recovery of reasonable attorneys' fees and costs.

**COUNT I
RECOVERY OF OVERTIME COMPENSATION
<u>PURSUANT TO THE FLSA</u>**

38. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

39. Plaintiff is entitled to receive overtime at one-and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a work week.

40. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for the overtime hours worked.

41. By reason of the said intentional, willful, and unlawful acts of Defendants.

42. Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

43. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

44. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

45. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above Paragraphs.

46. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, the Defendants willfully failed to pay the Plaintiff his statutorily required overtime compensation for all the hours that he worked in excess of forty (40) hours a week for the Defendants.

47. Defendants' aforementioned conduct is in violation of the NJWHL.

48. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF DAMAGES FOR DEFENDANTS VIOLATION OF THE
## RETALIATION PROVISIONS OF THE FLSA

49. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the paragraphs above.

50. FLSA, 29 U.S.C. § 215(a)(3), makes it unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]".

51. Defendants' above described actions constitute unlawful discrimination and discharge amounting to retaliation directly resultant from Plaintiff's complaint to Defendants regarding his unpaid wages.

52. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and seeks to recover damages as provided for in the statute and for such other and further relief.

## COUNT IV
## RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF THE RETALIATION PROVISIONS OF THE NJWHL

53. Plaintiff re-alleges and incorporates here by reference, all allegations contained in the paragraphs above.

54. NJ Stat. 34:11-56a24 makes it unlawful for an employer to discriminate against an employee who has, amongst other things, made a complaint to his employer for a violation of the New Jersey Wage and Hour Law.

55. In addition to fines resultant from a conviction of a disorderly persons offense for such discrimination, a violator of NJ Stat. 34:11-56a24 shall also "pay any such employee wages lost as a result of such …discriminatory action, under penalty of contempt proceeding for failure to comply with such requirement."

56. Defendants' above actions constitute unlawful intimidation, coercion, manipulation amounting to retaliation directly resultant from Plaintiff's complaint made to Defendant regarding unpaid wages.

57. As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and seeks to recover damages as provided for in the statute and for such other and further relief.

### COUNT V
### RECOVERY OF DAMAGES FOR DEFENDANTS' DISCRIMINATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

58. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs above.

59. Plaintiff 's allegation that he is entitled to unpaid wages resultant from Defendants' failure to compensate his overtime hours worked is protected activity under the Law Against Discrimination (LAD) N.J. Stat. 10:5-12(d).

60. Immediately resultant from Plaintiff's notification that he was desirous of recouping his unpaid overtime from Defendants, Defendants commenced retaliatory action against Plaintiff as described above.

61. Defendants terminated Plaintiff within two weeks of Plaintiff requesting that Defendants pay him overtime wages for the hours that he worked in excess of forty (40) each week. Defendants' action in wrongfully terminating Plaintiff stemmed from Defendants' original unlawful acts of wage theft.

62. Defendants' retaliatory actions are directly resultant from Plaintiff's requesting that he be paid the wages that he was owed, mainly, that Defendants pay him time and one half for the hours that he worked in excess of forty (40) each week. This retaliation is unlawful and actionable.

63. As a direct and proximate result of Defendants' actions, including but not limited to, Plaintiff's termination, Plaintiff has sustained injury and has suffered. Plaintiff seeks to

recover compensatory damages, including but not limited to, lost wages, front pay, liquidated damages, emotional distress damages, and reasonable attorneys' fees and costs.

## COUNT VI
## RECOVERY OF DAMAGES FOR DEFENDANTS' VIOLATION OF NEW JERSEY'S PAID SICK LEAVE STATUTE SICK LEAVE

64. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above paragraphs above.

65. Plaintiff was not provided sick leave.

66. Defendants did not have a policy by which Plaintiff earned sick leave.

67. As a result of not earning sick leave, Plaintiff suffered damages. Plaintiff seeks actual damages, as well as liquidated damages.

## JURY TRIAL

68. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff seeks the following relief:

(1) on Plaintiff's first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, plus third year damages, as well as interest, attorneys' fees and costs;

(2) on Plaintiff's second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the NJWHL in an amount equal to 200 % of the unpaid wages, as well as interest, attorneys' fees and costs;

(3) on Plaintiff's third, fourth, fifth, and sixth causes of action against Defendants in an

amount to be determined at trial, plus attorneys' fees and costs; and

    (4) other damages as this Court deems appropriate.

Dated: February 12, 2020                    Respectfully submitted,

                                          /s/ Andrew I. Glenn
                                          Andrew I. Glenn, Esq.
                                          Email: Aglenn@jaffeglenn.com
                                          Jodi J. Jaffe, Esquire
                                          E-mail: jjaffe@JaffeGlenn.com
                                          **JAFFE GLENN LAW GROUP, P.A.**
                                          33 State Road, Suite A-1
                                          Princeton, New Jersey 08540
                                          Telephone: (201) 687-9977
                                          Facsimile: (201) 595-0308
                                          *Attorneys for Plaintiff*